■ In the Matter of the Claim of MAX SALPETER, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— AULISI, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 15, 1967, which held that claimant willfully made false statements as to the cause of his separation from employment to obtain benefits for which a forfeiture of 20 effective days was imposed (Labor Law, § 594). The sole question before us is whether or not the record contains substantial evidence to support the board's determination. The record reveals that claimant left his employment in the interest of protecting his health pursuant to general instructions from his physician. However, when he filed his claim for benefits he reported that he had lost his employment because of "lack of work, no work." Even though the claimant thereafter in an interview stated that he left for health reasons, in view of the misstatement in the initial application, the board was entitled to find a willful misstatement. The determination of whether a representation is willful depends on factual findings and is within the exclusive province of the board if supported by substantial evidence. We cannot say as a matter of law that the record contains no support for the decision rendered (see *Matter of Vick* [*Catherwood*], 12 A D 2d 120; *Matter of Campbell* [*Catherwood*], 23 A D 2d 515; *Matter of Goldwag* [*Catherwood*], 28 A D 2d 761). Decision affirmed, without costs. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Aulisi, J.

■ In the Matter of the Claim of MARIAN CYPRUS, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— STALEY, JR., J. Appeal from a decision of the Unemployment Insurance Appeal Board filed May 31, 1967 which determined that claimant was disqualified from receiving benefits effective December 14, 1966 because she was not available for employment. (See, also, *Matter of Cyprus* [*Catherwood*], 29 A D 2d 811, denyng benefits effective Oct. 26, 1966.) The claimant, as assistant bookkeeper and clerk-typist, was pregnant with an expected date of confinement of February 8, 1967. She gave birth to her child on January 27, 1967. She seeks benefits for the period from December 14, 1966 to January 8, 1967. Claimant made no personal contacts with prospective employers seeking employment and, although she read the advertisements for employment in her local newspaper once a week, she did not answer any of them. The board found that she did not make the sincere and diligent search for employment contemplated by the provisions of the law. "There is evidence concerning claimant's lack of job seeking records, her use primarily of telephone contacts and her limiting herself to one locality within a large metropolitan area. This is a factual issue which is for the board to determine. We cannot say, as a matter of law, that the board could not find as it did upon this record." (*Matter of Musco* [*Catherwood*], 27 A D 2d 676.) Decision affirmed, without costs. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Staley, Jr., J.